UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HELEN JOSEPHINE THORNTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:18-cv-01409 JLR-JRC <br><br> REQUEST FOR ADDITIONAL SHOWING AND BRIEFING |

Currently before this Court is Plaintiffs' Combined Opening Brief on the Merits and Motion for Class Certification. Dkt. 53. The court has considered Defendant's Combined Brief on the Merits and in Opposition to Class Certification (Dkt. 63) and Plaintiffs' Reply (Dkt. 64). The Court has also considered the submitted declarations. *See* Dkts. 54–58.

The Court is considering recommending the certification of a class defined as follows:

> All persons nationwide who presented claims for social security survivor benefits, and who would otherwise have qualified for such benefits, but for their state's laws prohibiting same-sex marriage.

This proposed class definition excludes those persons who have not presented a claim, which is jurisdictional. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). It also contemplates

a nation-wide class. *See Califano v. Yamasaki,* 442 U.S. 682, 701-03 (1979). And it excuses failure to exhaust remedies and waives the 60-day filing requirement. *See Bowen v. New York,* 476 U.S. 467, 477-80 (1986).

The Court is satisfied that the parties have fully briefed the issues of presentment, exhaustion, and statute of limitations. The parties also have fully briefed the other requirements of Rule 23. However, after considering these arguments and modifying the definition to address those issues, the Court questions plaintiffs' showing on numerosity under Rule 23(a)(1). "'Although the party instituting the action need not show the exact number of potential members in order to satisfy this prerequisite, [s]he does bear the burden of showing impracticality[,] and mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1).'" *Mortimore v. F.D.I.C.*, 197 F.R.D. 432, 435–36 (W.D. Wash. 2000) (quoting 7A Wright, Miller, & Kane, Federal Practice and Procedure § 1762 (2d ed. 1986)).

Plaintiffs claim that even though the class may include a "tiny minority" of the population, the court can rely on "general knowledge" and "common sense" to infer numerosity. Dkt. 53, at 40–41. As plaintiffs point out, however, the putative class is a finite group since it would be limited to individuals still living, whose partners died before marriage was available to them, who did not possess rights of intestate succession, and whose eligibility has not been ended by a subsequent marriage to another person, "among other limitations." Dkt. 53, at 41 n.9. If the Court recommends modifying the class definition to exclude those persons who have not presented claims, then plaintiffs are required to make a more sufficient showing of numerosity for the class as re-defined. Although defendant has not opposed numerosity thus far, both sides will be given the opportunity of addressing that issue more fully before the Court issues its

Report and Recommendation. The court will also consider the parties' observations on the proposed definition of the class. The parties should not re-argue matters previously presented.

Therefore, the parties may, but are not required to, offer any additional showing and/or provide additional briefing on the issue of numerosity and the proposed definition of the class. Any additional briefing and/or submission by plaintiffs is due to the Court on or before December 30, 2019. Defendants may file a response to any submission by plaintiffs in response to this Order on or before January 20, 2019. Any briefing filed shall not exceed 8 pages per side. Plaintiffs' Combined Opening Brief (Dkt. 53) is re-noted for consideration on January 20, 2019.

Dated this 12th day of December, 2019.

J. Richard Creatura
United States Magistrate Judge