UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HELEN JOSEPHINE THORNTON, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. C18-1409JLR<br><br>ORDER GRANTING LEAVE FOR DISCOVERY ON NUMEROSITY |

## I.  INTRODUCTION

Before the court is Magistrate Judge J. Richard Creatura's combined report and recommendation on Plaintiffs Helen Josephine Thornton and National Committee to Preserve Social Security and Medicare's (collectively, "Plaintiffs") complaint and motion for class certification (the "Report and Recommendation").  (R&R (Dkt. # 74).)  Plaintiffs and Defendant Commissioner of Social Security ("the Commissioner") filed objections to the Report and Recommendation.  (*See* Def. Obj. (Dkt. # 78); Pls. Obj.

(Dkt. # 79).) For the reasons set forth below, the court concludes that the Plaintiffs should be granted additional time to conduct discovery on the issue of numerosity before the court rules on the merits of the Report and Recommendation and the parties' objections to the Report and Recommendation.

## II. BACKGROUND

On December 12, 2019—after the parties had fully briefed the issues on the merits and on class certification and participated in oral argument on those issues but before Magistrate Judge Creatura issued the Report and Recommendation—Magistrate Judge Creatura ordered the parties to submit additional briefing on "[P]laintiffs' showing on numerosity under [Federal Rule of Civil Procedure] 23(a)(1)." (*See* 12/12/19 Order at 2.) Magistrate Judge Creatura informed the parties that he was considering recommending certification of a nation-wide class that "excludes those persons who have not presented a claim" for social security survivor benefits to the Social Security Administration (the "Administration"). (*See id.* at 1-2.) Magistrate Judge Creatura noted, however, that if he were to recommend certification of such a class, "then [P]laintiffs [would need] to make a more sufficient showing of numerosity" than they made in their initial briefing, where Plaintiffs briefed numerosity under the assumption that the court would define the class to include individuals who would present a claim for survivor benefits to the Administration in the future in addition to those who had already presented such claims. (*See id.* at 2-3; *see also* Pls. Op. Br. (Dkt. # 53) at 26, 31-33.) To allow Plaintiffs to make that showing, Magistrate Judge Creatura provided both parties with an opportunity to submit additional briefing on numerosity. (*See* 12/12/19 Order at 3.)

ORDER - 2

In response to Magistrate Judge Creatura's order requesting additional briefing, the only extrinsic evidence Plaintiffs added to the record came from a search conducted on records from Lambda Legal's Help Desk. (*See* Pls. Resp. to Order for Briefing (Dkt. # 71) at 8; *see also* Borelli Decl. (Dkt. # 72).) According to Plaintiffs, Lambda Legal "maintains a national Legal Help Desk . . . which provides information and resources to members of the public relating to discrimination based on sexual orientation, gender identity and gender expression, and HIV status." (*See* Borelli Decl. ¶ 2.) Plaintiffs' counsel attests that she conducted a search of records from the Help Desk and "identified 22 records for individuals who were barred by unconstitutional laws from marrying their committed same-sex partner, and who expressly indicated that they had contacted the Social Security Administration to seek survivor's benefits by the time they had contacted us." (*Id.* ¶ 7.) Although Plaintiffs' counsel provides details about how she identified these records, she did not include any of the records as evidence in support of her declaration and has no evidence to confirm that these individuals presented claims to the Administration. (*See id.* ¶¶ 5-7.) Plaintiffs argued that this search showed that the total number of potential class members likely "exceeds 100 individuals" based on the assumption that not every class member would have contacted Lambda Legal's Help Desk. (*See* Pls. Resp. to Order for Briefing at 8.) Although Plaintiffs believed that this evidence sufficed to establish numerosity, in the event that Magistrate Judge Creatura disagreed, Plaintiffs requested leave to conduct discovery on numerosity and pointed out that "Defendant presumably has control of even further information proving the impracticability of joinder." (*See id.* at 7 n.2.)

The Commissioner raised objections to the validity of Plaintiffs counsel's identification of 22 individuals who called the Lamda Legal Help Desk and argued that even if the court took that evidence at face value, 22 individuals is insufficient to satisfy the numerosity requirement. (*See* Def. Resp. to Order for Briefing (Dkt. # 73) at 4 (citing *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 330 n.14 (1980).) The Commissioner also took issue with Plaintiffs' assumption that 22 calls to the Help Desk necessarily meant that there were dozens of additional class members who did not call the Help Desk. (*See id.* at 4-5.) The Commissioner did not provide any extrinsic evidence in support of the Administration's position that the numerosity requirement had not been met in this case. (*See generally id.*) Although the Commissioner recognized that "there may be others out there" who are similarly situated to Ms. Thornton, the Commissioner did not, for example, offer evidence that the Administration had conducted any kind of search of its records for individuals who presented claims to the Administration and might fit the class definition proposed by Magistrate Judge Creatura. (*See id.* at 4-5.) Instead, the Commissioner pointed out that Plaintiffs carry the burden to establish numerosity and argued that they had failed to carry that burden. (*See id.* at 5.)

In his Report and Recommendation, Magistrate Judge Creatura recommends defining the class as follows:

> All persons nationwide who presented claims for social security survivor's benefits based on the work history of their same-sex partner and who were barred from satisfying the marriage requirements for such benefits because of applicable laws that prohibited same-sex marriage. This class is intended to exclude any putative class members in *Ely v. Saul*, No. 4:18-cv-00557-BPV (D. Ariz.)

(R&R at 21.) He also concludes that Plaintiffs satisfy the numerosity requirement based on "common sense and the more relaxed numerosity standard when addressing the proposed injunctive relief." (*See id.* at 28-30.) Specifically, he notes that it may be "impossible to know how many claimants nationwide were impacted by the Administration's blanket refusal to award benefits to the defined class," and he agrees with Plaintiffs that "this information may be exclusively within the records of the Administration," who offered no information about potential class members. (*See id.* at 30.) Regardless, after reviewing the evidence submitted by the Plaintiffs from the Lambda Legal Help Desk records, Magistrate Judge Creatura concludes that, "considering the widespread and growing population of same-sex marriages in this country, it stands to reason that a significant number of same-sex surviving partners would fall within the purview of the proposed injunction—at least more than 26, and probably more than 40 nationwide." (*Id.*) According to Magistrate Judge Creatura, that is sufficient to satisfy the numerosity requirement of Rule 23(a)(1).

### III. ANALYSIS

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Class certification is proper "only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied[.]'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions

of law or fact, etc." *Id.* Rule 23(a)'s first prerequisite is the numerosity requirement, which mandates that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although the Supreme Court instructs that "[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations," the Court has noted that a class of 15 would be too small to meet the numerosity requirement, and cited with approval cases in which courts held that classes of 37, 35-45, "fewer than 20," 22, 16, 26, and 18 were also too small to satisfy this requirement. *See Gen. Tel. Co. of the Nw.*, 446 U.S. at 330, 330 n.14 (collecting cases).

After reviewing the record, the parties' briefing, and Magistrate Judge Creatura's Report and Recommendation, the court concludes that it would benefit from further factual development on the numerosity requirement as applied to the class definition recommended by Magistrate Judge Creatura. The parties should not interpret this conclusion as a signal that the court disagrees with Magistrate Judge Creatura's conclusion that Plaintiffs have satisfied the numerosity requirement on the current record or that the court intends to adopt Magistrate Judge Creatura's proposed class definition. (*See* R&R at 28-30.) The court has not yet concluded whether it will adopt, reject, or modify Magistrate Judge Creatura's recommendations on the merits or on class certification.

However, the court takes its obligations to conduct a "rigorous analysis" on the prerequisites of Rule 23(a) seriously. *See Wal-Mart Stores, Inc.*, 564 U.S. at 350-51. The record is currently incomplete on the question of numerosity as applied to Magistrate

1 | Judge Creatura's recommended class—and unnecessarily so.  The proposed class
2 | includes only individuals who have presented claims for social security survivor's
3 | benefits to the Administration.  (*See* R&R at 21.)  Accordingly, the court agrees with
4 | Plaintiffs and Magistrate Judge Creatura that the Administration and the Commissioner
5 | surely have access to information about the numerosity of the proposed class that can be
6 | drawn from the Administration's records of individuals who have presented claims for
7 | social security survivor's benefits.  (*See id.* at 30 (noting that information about the class
8 | "may be exclusively within the records of the Administration"); Pls. Resp. to Order for
9 | Briefing at 7 n.2 ("Defendant presumably has control of even further information proving
10 | the impracticability of joinder.").)  That information should be before the court.
11 | Regardless of the strengths or weakness of the numerosity evidence Plaintiffs compiled,
12 | the constitutional and procedural issues at the heart of this case are simply too important
13 | to resolve on inferences and anecdotal evidence when more precise evidence is
14 | presumably readily available to the Commissioner and the Administration.

15 |      To ensure that Plaintiffs have a fulsome opportunity to supplement the record, the
16 | court GRANTS Plaintiffs 60 days from the filing date of this order to conduct additional
17 | discovery in this matter.  This discovery shall be strictly limited to the numerosity
18 | requirement as applied to the class definition proposed in the Report and
19 | Recommendation.  The court expects that all parties will participate in discovery
20 | expeditiously, in good faith, and within the bounds of the Federal Rules of Civil
21 | Procedure and this court's local rules.  To the extent that discovery disputes arise, the
22 | //

1 Court ORDERS the parties to contact the court's courtroom deputy by telephone before moving for an order relating to discovery. *See* Local Rules W.D. Wash. LCR 7(i).

The court further ORDERS Plaintiffs to file additional briefing regarding the numerosity requirement by no later than July 24, 2020. The Commissioner may file a response to the Plaintiffs' briefing by July 31, 2020. Plaintiffs' brief and the Commissioner's response, if any, shall be strictly limited to the numerosity requirement and shall not exceed six pages in length, exclusive of any declarations or evidentiary material submitted in support of the briefing.

Finally, in accordance with this order, the court DIRECTS the Clerk to re-note the Report and Recommendation (Dkt. # 74), Defendant's objections to the Report and Recommendation (Dkt. # 78) and Plaintiffs' objections to the Report and Recommendation (Dkt. # 79) for July 31, 2020.

Dated this 18th day of May, 2020.

JAMES L. ROBART
United States District Judge