UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HELEN JOSEPHINE THORNTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C18-1409JLR <br><br> ORDER GRANTING RELIEF |

## I. INTRODUCTION

Before the court are the parties' responses to the court's September 11, 2020 order to show cause regarding class relief. (*See* 9/11/20 Order (Dkt. # 86); Pl.'s Resp. to OSC (Dkt. # 88); Def.'s Resp. to OSC (Dkt. # 92).) On September 11, 2020, the court adopted Magistrate Judge J. Richard Creatura's combined report and recommendation on Plaintiffs Helen Josephine Thornton and National Committee to Preserve Social Security and Medicare's complaint and motion for class certification (the "Report and

ORDER - 1

Recommendation").[1]  (*See generally* 9/11/20 Order.)  Thus, the court has already certified a nationwide class in this case and determined that the class is entitled to relief. (*See id.* at 26-27.)  However, the court also concluded that "additional briefing is necessary regarding the exact scope of class-wide injunctive relief warranted as a result of the court's order." (*Id.*)  In response to the court's order to show cause, Ms. Thornton identified a number of issues and requests relating to the appropriate form of relief in this case.  (*See generally* Pl.'s Resp. to OSC.)  Defendant Commissioner of Social Security ("the Commissioner") responded to the issues Ms. Thornton identified.  (*See generally* Def.'s Resp. to OSC.)  The court has reviewed the parties' supplemental briefing, the relevant portions of the record, and the applicable law.  Being fully advised, the court addresses the issues raised by the parties in turn.

## II.  ANALYSIS

**A.  Relief for Ms. Thornton**

Although the court's order to show cause sought input solely on the appropriate form of class relief to award in this case, Ms. Thornton requests that the court grant her additional relief in her individual capacity.  (*See* Pl.'s Resp. to OSC at 1; *see also* 9/11/20 Order at 26-27.)  Specifically, Ms. Thornton asks the court to order that the Commissioner grant Ms. Thornton's request for individual relief by November 11, 2020. (Pl.'s Resp. to OSC at 1.)  The court rejects this request.  The court is sympathetic to the

---

[1] The court's order adopting the Report and Recommendation dismissed Plaintiff National Committee to Preserve Social Security and Medicare from this action. (9/11/20 Order at 24-27.)  Thus, this order refers to Ms. Thornton as the only remaining named Plaintiff in this action.

lengthy delay that Ms. Thornton has experienced in receiving surviving spousal benefits ("survivor's benefits") that the court determined she is entitled to receive. However, the court remanded Ms. Thornton's clam for survivor's benefits to the Social Security Administration (the "Administration") for further proceedings. (9/11/20 Order at 15.) The Administration is in a better position than the court to determine the appropriate timeframe for complying with the terms of court's order. The court trusts that the Administration takes the court's order seriously and will act expeditiously to ensure that Ms. Thornton receives the appropriate relief.

**B.    Class Relief**

In its order to show cause, the court advised the parties that it was considering issuing the following order and injunction regarding class relief:

> The court ORDERS the Administration to re-adjudicate class members' claims on terms consistent with this order and ENJOINS the Administration from denying Social Security survivor's benefits to class members without considering whether class members would have satisfied the marriage requirements but for applicable laws that prohibited same-sex marriage.

(*Id.* at 26-27.) Ms. Thornton proposed revisions to this draft order, but the Commissioner argued that the court's proposed language was adequate. (Pl.'s Resp. to OSC at 1-2; Def. Resp. to OSC at 3-5.) Having reviewed the parties' responses on this issue, the court issues the following order on class relief:

> The court ORDERS the Administration to re-adjudicate class members' claims on terms consistent with the court's September 11, 2020 order and ENJOINS the Administration from denying Social Security survivor's benefits to class members without determining whether class members would have satisfied the marriage requirements but for applicable laws that prohibited same-sex marriage.

## C. Notice to Class Members

Ms. Thornton asks the court to direct the Commissioner to identify and provide notice to class members and to confer with Ms. Thornton's counsel in doing so. (Pl.'s Resp. to OSC at 2-3.) The Commissioner agrees to meet and confer with Ms. Thornton regarding the form and manner of class notice and offers to "provid[e] some form of reasonable notice." (Def. Resp. to OSC at 5.) Accordingly, the court ORDERS the parties to meet and confer regarding class notice within 30 days of the filing date of this order. The court commends the Commissioner on its willingness to work with Ms. Thornton on this issue, and encourages the parties to cooperate and attempt to resolve issues relating to class notice without additional court intervention. If, however, the parties are unable to reach agreement on notice to the class, the court invites Ms. Thornton to file a motion on this issue.

## D. Presentment Cut-Off Date

In its prior order on Ms. Thornton's motion for class certification, the court certified a class that included only individuals "who presented claims for Social Security survivor's benefits." (9/11/20 Order at 16.) Ms. Thornton asks the court to clarify that the cut-off date for application of the presentment requirement falls on the date of entry of the forthcoming final judgment. (Pl.'s Resp. to OSC at 3.) The Commissioner agrees with Ms. Thornton on that issue (Def.'s Resp. to OSC at 5), and so does the court. For the avoidance of doubt, the court clarifies that individuals who present claims for Social Security survivor's benefits to the Administration prior to the date that the court enters final judgment in this matter may be included as class members, so long as those

individuals satisfy the other requirements in the class definition.  (9/11/20 Order at 16.)  The court will include language in its final judgment to this effect.

**E.      Status Reports**

Ms. Thornton asks the court to order the parties to file periodic status reports regarding the Commissioner's compliance with the court's orders.  (Pl.'s Resp. to OSC at 3-4.)  The Commissioner objects to this request as unnecessary.  (Def.'s Resp. to OSC at 5-6.)  The court agrees with Ms. Thornton that status reports could prove useful in this case, but also agrees with the Commissioner that requiring indefinite status reports would be unnecessarily burdensome.  Accordingly, the court ORDERS the parties to submit a joint status report regarding the status of the Administration's progress on providing relief to Ms. Thornton and the class within 90 days of the filing date of this order.  If Ms. Thornton believes that an additional status report is necessary at that time, the court invites Ms. Thornton to request one in the joint status report and the court will consider the request at that time.

**F.      Implementation Documents**

Ms. Thornton asks the court to "order [the Commissioner] to provide [Ms. Thornton] with an advance copy of the materials used to implement the [c]ourt's ruling, including any form of instructions to agency staff on how to handle and re-adjudicate class members' claims, and the processes and procedures for such claims."  (Pl.'s Resp. to OSC at 4.)  The court agrees with the Commissioner that such an order would unreasonably intrude on the Administration's internal processes.  (Def.'s Resp. to OSC at 6.)  Accordingly, the court rejects Ms. Thornton's request.  The court notes, however, that

the Commissioner offers "to share *final* versions of significant implementation documents with [Ms. Thornton's] counsel (with appropriate redactions, to the extent they are necessary)." (*Id.*)  Thus, the court ORDERS the Commissioner to provide copies of "final versions of significant implementation documents" to Ms. Thornton's counsel, with redactions as necessary, as those documents become available.

**G.    Retention of Jurisdiction**

Finally, although Ms. Thornton recognizes that "the [c]ourt retains inherent authority to enforce its own injunction and judgment," Ms. Thornton asks the court to explicitly state that it retains jurisdiction over its orders in this matter.  (Pl.'s Resp. to OSC at 4-5.)  The Commissioner argues that such a statement from the court is unnecessary because the court automatically retains jurisdiction to enforce its own orders.  (*See* Def.'s Resp. to OSC at 6.)  The court agrees with both parties that it automatically retains jurisdiction to enforce its orders.  *See, e.g.*, *Reebok Int'l. Ltd. v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir. 1995).  Nevertheless, the court sees no harm in stating that it retains jurisdiction to enforce its orders and the judgment in this matter.  Accordingly, for the avoidance of doubt, the court expressly retains jurisdiction to enforce compliance with this order, the court's September 11, 2020 order, and the forthcoming judgment in this matter.

### III.    CONCLUSION

For the reasons set forth above and in the court's September 11, 2020 order (Dkt. # 86), the court:

1  (1) ORDERS the Administration to re-adjudicate class members' claims on terms consistent with the court's September 11, 2020 order and ENJOINS the Administration from denying Social Security survivor's benefits to class members without determining whether class members would have satisfied the marriage requirements but for applicable laws that prohibited same-sex marriage;

(2) ORDERS the parties to meet and confer regarding class notice within 30 days of the filing date of this order;

(3) CLARIFIES that individuals who present claims for Social Security survivor's benefits to the Administration prior to the date that the court enters final judgment in this matter may be included as class members, so long as those individuals satisfy the other requirements in the class definition;

(4) ORDERS the parties to submit a joint status report regarding the status of the Administration's progress on providing relief to Ms. Thornton and the class within 90 days of the filing date of this order; and

(5) ORDERS the Commissioner to provide copies of "final versions of significant implementation documents" to Ms. Thornton's counsel, with redactions as

//
//
//
//
//
//

necessary, as those documents become available.

The court expressly retains jurisdiction to enforce compliance with this order, the court's September 11, 2020 order, and the forthcoming judgment in this matter.

Dated this 24th day of November, 2020.

JAMES L. ROBART
United States District Judge

ORDER - 8